SHERIFF, CLARK COUNTY, NEVADA, APPELLANT, *v.* ARTHUR CUNHA, RESPONDENT.

No. 10243

November 17, 1977                    571 P.2d 112

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *L. J. O'Neale,* Deputy District Attorney, Clark County, for Appellant.

*Jeffrey D. Sobel,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Arthur Cunha was ordered to stand trial for possession of a forged instrument, a violation of NRS 205.160.[1] Cunha then petitioned for a writ of habeas corpus contending: (1) there was insufficient evidence to establish probable cause to believe he committed the charged offense; and, (2) there was no proof of the corporate existence of the victim. The district court granted his petition and the State has appealed.

1. Evidence adduced at the preliminary examination established, *inter alia,* that blank Bank of America travelers checks had been stolen, Cunha came into possession of some of these checks, and, without authority, he then completed and filled in the checks and attempted to cash them at the MGM Grand Hotel in Las Vegas.

In our view, Nevada's probable cause requirement was satisfied. The evidence need only support a reasonable inference that Cunha probably committed the charged offense. NRS 171.206; State v. von Brincken, 86 Nev. 769, 476 P.2d 733 (1970). We believe the recited factual circumstances amply support such an inference.

2. Even if we accept Cunha's conclusion that, for the

---

[1]NRS 205.160 provides in pertinent part:

"Every person who . . . has or keeps in his possession any blank or unfinished . . . travelers check, . . . with intention to fill up and complete such blank and unfinished note or bill, . . . or cause, . . . the same to be filled up and completed in order to utter or pass the same, . . . or cause, . . . the same to be uttered and passed to defraud any . . . body politic or corporate, . . . shall, . . . be punished by imprisonment in the state prison for a term of not less than 1 year or more than 10 years, or by a fine of not more than $5,000, or by both fine and imprisonment."

purpose of establishing probable cause, it was mandatory for the prosecuting attorney to prove the corporate existence of the MGM Grand Hotel or the Bank of America, this was sufficiently done by general reputation evidence as permitted by NRS 175.241.[2]

Reversed.

---

[2]NRS 175.241 provides:

"If, upon a trial or proceeding in a criminal case, the existence, constitution or powers of any corporation shall become material, or be in any way drawn in question, it is not necessary to produce a certified copy of the articles or acts of incorporation, but the same may be proved by general reputation, or by the printed statutes of the state, or government, or country by which such corporation was created."